**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **IN RE: OHIO EXECUTION PROTOCOL LITIGATION**<br><br>**This document relates to: PLAINTIFF CLEVELAND JACKSON** | **Misc. Case No. 2:19-mc-3878-ECM**<br><br>**CHIEF JUDGE EMILY C. MARKS**<br><br>**DEATH PENALTY CASE:**<br><br>**EXECUTION SCHEDULED FOR JANUARY 13, 2021** |

**Plaintiff Cleveland Jackson's Motion to Strike Movant Dunn's Objections (ECF No. 18) to Magistrate Judge's Order Denying Motion to Quash Subpoena and Overruling Objections to Subpoena (ECF No. 17)**

Plaintiff Cleveland Jackson respectfully moves to strike Movant Jefferson Dunn's objections (ECF No. 18) to the Magistrate Judge's Order (ECF No. 17) denying Dunn's motion to quash a subpoena. A brief memorandum in support follows.[1]

---

[1] Jackson has also filed, contemporaneously with this motion, his response in opposition to Dunn's objections/appeal to the District Court, in the event this motion to strike is denied. This Court need not reach the arguments contained in that response if it grants this motion to strike and affirms the Magistrate Judge's Order via that procedural route instead.

Respectfully submitted,

_/s/ Allen L. Bohnert_
**Allen L. Bohnert (Ohio 0081544)**
Trial Attorney for Plaintiff Jackson
Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org

## MEMORANDUM IN SUPPORT

Movant Jefferson Dunn filed his objections to the Magistrate Judge's Order denying his motion to quash Plaintiff Jackson's subpoena and overruling Dunn's objections to the subpoena on November 7, 2019.  In that filing, Dunn raised, for the first time, arguments dependent on a Sixth Circuit decision in *Henness v. DeWine*, 937 F.3d 759 (6th Cir. 2019), and an order from the District Court for the Southern District of Ohio vacating an evidentiary hearing. But Dunn forfeited his chance to raise any objections to this Court on the basis of those decisions, because he was tardy in raising them.

A party must raise before the Magistrate Judge arguments it subsequently raises in an appeal of a nondispositive order to the District Court. *See EEOC v. Jack Marshall Foods, Inc.*, No. 09-0160-WS-M, 2010 U.S. Dist. LEXIS 172, at *6–7, 15–16 & n.8 (S.D. Ala. Jan. 4, 2010) (concluding that appellant's arguments were "lost" by appellant's "failure to raise them in a timely manner" before the Magistrate Judge's decision that was subject of appeal) (citing *Pigott v. Sanibel Development, LLC*, 2008 U.S. Dist. LEXIS 55806, 2008 WL 2937804 at *5 (S.D. Ala. 2008) ("In reviewing a magistrate judge's nondispositive ruling, this Court does not consider matters not placed before that judge")).  Dunn could have raised his *Henness*-related arguments to the Magistrate Judge in support of his motion to quash.  He did not. Consequently, he has waived or forfeited those arguments.

True, the two *Henness*-related decisions issued after Dunn filed his motion to quash.  But reviewing the applicable timeline demonstrates that

Dunn still had ample opportunity to raise his arguments when he had the opportunity to preserve them, but he failed to do so.

Dunn filed his motion to quash on July 8, 2019.  (ECF No. 1.)  This Court ordered Plaintiff Jackson on July 11, 2019 to show cause why the motion should not be granted.  (ECF No. 2.)  Plaintiff Jackson responded with his timely response to the show-cause order and response in opposition to the motion to quash on July 19, 2019.  (ECF No. 5.)  Dunn never filed a timely reply in support of his motion, nor did he ever file a motion for leave to file an untimely reply memorandum at any point before the Magistrate Judge issued his Order.

On September 11, 2019, the Sixth Circuit issued its decision in *Henness*. Two days later, this case was referred to the Magistrate Judge for further proceedings.  (ECF No. 6.)  Dunn did nothing regarding *Henness*.  On September 16, 2019, the Magistrate Judge issued an order setting oral argument on Dunn's motion to quash.  (ECF No. 7.)  Still Dunn did nothing regarding *Henness*.  He responded to the order setting a hearing, but only to seek a continuance of the oral argument, which he filed on September 17, 2019.  (ECF No. 8.)  On September 19, 2019, the District Court for the Southern District of Ohio issued its order vacating the evidentiary hearing. The same day, the Magistrate Judge entered an order staying the case.  (ECF No. 15.)  Dunn could have filed a motion to vacate the stay at that point, or at any point thereafter up to the date on which the Magistrate Judge issued his order denying the motion to quash, over a month later on October 24, 2019.

Dunn did nothing.  Plaintiff Jackson filed a status update on October 18, 2019, and once again, Dunn did nothing.  Six days later, the Magistrate Judge issued his order.

At that point, Dunn's forfeiture of his *Henness*-related arguments was complete, regardless of the specific point before that at which it likely occurred. He had over a month during which he could have sought leave from the Magistrate Judge to assert the additional new arguments in support of quashing the subpoena.  He failed to do so.  Instead, he raised the arguments for the first time on appeal to this Court.  But the law is clear; by failing to timely raise his *Henness*-related arguments before the Magistrate Judge when he had the chance, Dunn forfeited or waived them on appeal before this Court (and the Eleventh Circuit).

Accordingly, Plaintiff Jackson respectfully requests that this Court strike Dunn's objections (ECF No. 18), vacate the scheduled hearing on the matter (ECF No. 21) as unnecessary, and affirm the Magistrate Judge's Order (ECF No. 17) in all respects.

Respectfully submitted,

*/s/ Allen L. Bohnert*

**Allen L. Bohnert (Ohio 0081544)**
Trial Attorney for Plaintiff Jackson
Office of the Federal Public Defender
for the Southern District of Ohio
Capital Habeas Unit
10 West Broad Street, Suite 1020
Columbus, Ohio 43215
614-469-2999
614-469-5999 (fax)
Allen_Bohnert@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2019, I electronically filed the foregoing **Plaintiff Cleveland Jackson's Motion to Strike Movant Dunn's Objections (ECF No. 18) to Magistrate Judge's Order Denying Motion to Quash Subpoena and Overruling Objections to Subpoena (ECF No. 17)** with the Clerk of the United States District Court for the Middle District of Alabama using the CM/ECF system, which will send notification of such filing to the email address on file for all parties.

*/s/ Allen L. Bohnert*
Trial Attorney for Plaintiff Jackson