IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: OHIO EXECUTION PROTOCOL LITIGATION | 2:19-mc-3878<br>2:20-mc-3914<br><br>CHIEF JUDGE EMILY C. MARKS<br>CHIEF MAGISTRATE JUDGE STEPHEN M. DOYLE<br><br>DEATH PENALTY CASE |

**MOVANT'S RESPONSE TO PLAINTIFFS' ALTERNATIVE MOTION TO TRANSFER UNDER RULE 45 (f) AND ORDER TO SHOW CAUSE**

COMES NOW Commissioner of the Alabama Department of Corrections and in response to Plaintiffs' Alternative Motion to Transfer (Doc. 82) and this Honorable Court's Order to Show Cause (Doc. 83) requests that this Court deny Plaintiffs' motion and in support thereof, states that transfer to the Southern District of Ohio is unnecessary and premature due to the undersigned actively working with Plaintiffs' counsel to resolve the contentions with the pending subpoenas and because this Court is the proper venue to adjudicate this matter. In support the Movant, states as follows:

1. This court, the Middle District of Alabama, has jurisdiction and venue over Movant's objections to the subpoenas and motions to quash Plaintiffs' subpoenas (Case No. 2:19-mc-3878; Doc. 1; Case No. 2:20-mc-3914, Doc. 1) ("Motions") and is the appropriate forum. Pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, the court for the district "where compliance is required" has jurisdiction over motions to quash subpoenas.

2. The actual "place of compliance," is necessarily and only Alabama for this matter. Alabama is the place where the "work" of compliance would occur. Alabama is the place where

Hamm lives and works, and the place where the documents (if any) are maintained. "[R]evised rule 45(d)(3) provides that motions to quash or enforce a subpoena can be brought in the district where compliance is required—*i.e.,* the enforcement court—rather than the issuing court—*i.e.,* the trial court. See Fed.R.Civ.P. 45(d)(3)."  See Simon v. Taylor, No. CIV 12-0096, 2014 WL 6633917, at *19 (D.N.M. Nov. 18, 2014).   The documents are directed to be delivered to the Montgomery, Alabama Office of Federal Public Defender.

3. The Movant's interpretation of these rules, is consistent with the corresponding advisory committee note: "The prime concern should be avoiding burdens on local non-parties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed.R.Civ.P. 45 advisory committee note to the December 1, 2013, amendments (quoted in Simon).

4. The reasoning of the district judge for the Middle District of Louisiana in Shaw Grp., Inc. v. Zurich Am. Ins. Co., is persuasive here even if it arises from a slightly different context. This opinion "nails" the burden that Plaintiffs are trying to impose on Movant by having facially invalid subpoenas issued and then forcing upon them the burden and expense of opposing the subpoenas in a distant jurisdiction where they have no counsel.

> Those conveniences are still balanced by safeguards against undue burden on the non-parties subject to such subpoenas. Those safeguards include geographic restrictions on place of compliance, imposition of a duty to take reasonable steps to avoid undue burden or expense, as well as the ability to move the court to quash or modify a subpoena in the district where compliance is required. Consistent with those protections, enforcement of subpoenas to nonparties is still directed to the district court of the place of compliance. *This ensures that the nonparty is not subject to the burden and expense of enforcing its rights and interests in every state and federal district merely because a party to a lawsuit in that state or district wants records in the non-party's possession.*

Shaw Grp., Inc. v. Zurich Am. Ins. Co., No. CIV.A. 12-257, 2014 WL 204244, at *2 (M.D. La. Jan. 17, 2014) (footnote omitted). (Emphasis added).

5. Since the filing of the Motions not only has the original Movant, Jefferson S. Dunn, retired from the Alabama Department of Corrections ("ADOC"), but counsel assigned to this matter Joseph G. Stewart, Jr. who filed the Motion and Bart G. Harmon have retired or are no longer with the ADOC.

6. The undersigned assumed responsibility for this matter after Bart G. Harmon retired on August 1, 2022 and has been working with current ADOC Commissioner John Hamm to gather the documents Plaintiffs requested.

7. To-date, ADOC counsel has produced several documents to Plaintiffs and is actively working with counsel for the Plaintiffs to resolve the issues in the Motions and the remaining requests. ADOC counsel anticipates resolving the outstanding document issues within the next sixty days (60) and will withdraw the Motions when the issues are resolved.

WHEFORE, Movant prays that this Court deny Plaintiffs' motion to transfer since this Court is the proper forum to adjudicate the pending Motions or in the alternative grant Movant sixty days (60) in which to resolve the outstanding issues with the Motions and document requests with Plaintiffs' counsel.

Respectfully submitted,

Steve Marshall
Attorney General

Mary-Coleman Roberts (BUT038)
Acting General Counsel

/s/ Stephanie L. Smithee
Stephanie L. Smithee (SMI255)
Assistant Attorney General

**ADDRESS OF COUNSEL**:
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, Alabama 36130

(334) 353-5857
Stephanie.Smithee@doc.alabama.gov

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-electronic participants):

Allen L. Bohnert
Adam M. Rusnak
Federal Public Defender - SDOH
10 West Broad Street; Suite 1020
Columbus, OH 43215
allenbohnert@fd.org
AdamRusnak@fd.org

/s/ Stephanie L. Smithee
Stephanie L. Smithee (SMI255)
Assistant Attorney General

4